UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

R&S ENTERPRISES, INC.                                                                   CASE NO. 11-10300
                                                                                                              CHAPTER 11
        DEBTOR

---

**DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL
AND REQUEST TO SCHEDULE FINAL HEARING**

---

Comes R&S Enterprises, Inc. (the "Debtor"), by counsel, and pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 4001 and other applicable law, moves the Court for the entry of an Interim Cash Collateral Order (the "Interim Order") for authority to use cash collateral as set forth on the budget attached as <u>Exhibit A</u> for an interim period (the "Interim Budget"), to schedule a hearing for final approval of its continued use of cash collateral, and to provide adequate protection as set forth herein. The Debtor states that entry of the Interim Order is necessary to ensure continued going concern operations and to protect and preserve the value of the Debtor's assets and ongoing operations. In support of said Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1.     On June 17, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtor is operating its business as debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.     This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.     The Debtor maintains its principal places of business in Boyd County, Kentucky.

Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has been appointed.

**GENERAL BACKGROUND**

5. The Debtor is a Kentucky corporation, formed on January 22, 1998, with its principal office at 1133 B Carter Avenue, Ashland, KY 41101. Kuburata A. Blunk ("Mrs. Blunk") is the Debtor's president and owns fifty (50%) percent of its stock. The Debtor owns 100% of Blue Ribbon Lanes, Inc. ("BLR"), a Kentucky corporation, which operates a bowling alley at 1108 Winchester Avenue in Ashland, KY. The Debtor also owns the real property where BRL operates, in addition to real property located at 807 Carter Avenue, Ashland, KY 41101.

6. The Debtor purchased BLR in 2000 and built the bowling alley into a successful business. To improve the image and revenues of the bowling alley, the Debtor contracted with Brunswick Corporation ("Brunswick") for certain capital improvements including new lanes, chairs, and computer software. Certain of the products sold by Brunswick failed, resulting in the interruption of the Debtor's operations and loss of business to BLR, which in turn significantly reduced the Debtor's cash flow. In 2003 Brunswick filed suit against the Debtor to collect amounts owed for the defective equipment. The Debtor has a pending counterclaim, however, the trial court bifurcated the case and awarded summary judgment in the amount of $429,000 against the Debtor in July, 2010. Brunswick has collected on its judgment by garnishing Debtor's bank accounts and executing on the Debtor's daily cash receipts, essentially starving the Debtor of cash. There are several other lawsuits pending against the Debtor or BRL for breach of contract and personal injury, all of which the Debtor disputes.

7. In addition to pending litigation, the Debtor owes several tax debts, including debts to the Internal Revenue Service for withholding taxes, the Commonwealth of Kentucky, Boyd County and the City of Ashland.

8. The Debtor authorized seeking relief under Chapter 11 to deal with its outstanding debts and pending litigation in an orderly manner while continuing to operate as a going concern.

**REQUESTED RELIEF**

9. Ciena Capital, LLC ("Ciena") and the United States Internal Revenue Service ("IRS," and with Ciena, the "Cash Collateral Creditors") may claim an interest in Cash Collateral, although Ciena also appears to have a mortgage against specific real property owned by the Debtor.

10. The Debtor requests the authority to use Cash Collateral on an interim basis and to schedule a hearing for final approval of its continued use of Cash Collateral. Upon information and belief, the value of the collateral which secures the claims of the Cash Collateral Creditors exceeds the amount of said claims. As used herein, "Cash Collateral" shall mean (i) all cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents derived from any secured creditor's collateral; and (ii) proceeds, rents, or profits of any secured creditor's collateral, including without limitation all amounts (A) received by the Debtor in the collection of the Debtor's prepetition account receivables and received by either the Debtor or its assignee, and (B) generated by the Debtor's operations, both prepetition and postpetition, and received by the Debtor or its assignee.

11. The Debtor's use of Cash Collateral is essential to continuation of this Chapter 11 proceeding and to ensure continued going concern operations to maximize the recovery to all creditors. Without the use of Cash Collateral as a means of providing working capital, the

Debtor cannot meet its ongoing obligations incurred in the ordinary course of business. In short, the Debtor is unable to operate without the use of Cash Collateral and the entry of an interim Order is necessary to avoid immediate and irreparable harm to the Debtor's operations, its creditors and other parties in interest.

12. To preserve the value of Debtor's assets, the Debtor requires the interim use of Cash Collateral and without such use, the value of the Debtor's assets will immediately and substantially diminish and the Debtor would be forced to cease its operations. The Debtor acknowledges the Interim Budget reflects an operating deficit, however, this is a slow season for the Debtor, and it expects to be able to modify its expenses to limit any ongoing deficits. Furthermore, the Debtor has suffered substantial revenue losses from garnishments and executions issued on behalf of Brunswick, which will stop upon the filing of this case.

13. Under 11 U.S.C. § 363(c)(2), a debtor "may not use, sell or lease cash collateral . . . unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section."

14. The Debtor hopes to avoid the need to borrow funds to maintain and preserve the Debtor's assets from sources other than as provided by the use of Cash Collateral pursuant to the terms of the Interim Order or such other interim and final orders as the Court may approve, but reserves all rights to seek approval of post-petition financing should it become necessary.

15. Good cause has been shown for the entry of the Interim Order. Among other things, entry of the Interim Order will allow the Debtor to maintain its operations, preserve its assets and maximize recovery to all creditors. Further, the use of Cash Collateral will allow the Debtor to pay wages and other expenses necessary to maintain the Debtor's ongoing operations.

16. Additionally, the Debtor requests a "carve-out" of Cash Collateral in the sums set forth in the Interim Budget for U.S. Trustee fees and legal fees for Debtor's counsel. The "carve-out" is essential for the Debtor to pay its attorneys in this Chapter 11 proceeding.

17. The Debtor proposes entry of an Interim Order pursuant to the Interim Budget attached hereto. As adequate protection for the asserted liens in Cash Collateral of the Cash Collateral Creditors, the Debtor proposes said Creditors receive replacement liens in post-petition accounts receivable generated by the Debtor's post-petition operations to the extent of the Debtor's use of Cash Collateral to the same extent, validity, and priority as existed on the Petition Date. As further adequate protection, the Debtor shall continue to account for all cash use, and the proposed cash use is being incurred to preserve property of the Estate.

18. The proposed interim use of Cash Collateral is for the time period until such date as the Court may set a final hearing on this Motion, which final hearing date is likewise being requested hereby.

WHEREFORE, the Debtor respectfully requests entry of the Order for Interim Use of Cash Collateral tendered herewith.

    Respectfully submitted,

    DELCOTTO LAW GROUP PLLC

    /s/ Dean A. Langdon, Esq.
    T. Kent Barber, Esq.
    200 North Upper Street
    Lexington, KY 40507
    Telephone: (859) 231-5800
    Facsimile: (859) 281-1179
    dlangdon@dlgfirm.com
    kbarber@dlgfirm.com
    COUNSEL FOR DEBTOR AND
    DEBTOR IN POSSESSION
    (UNDER PENDING APPLICATION)

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, U.S. Bankruptcy Courtroom, 2d Floor, Federal Bldg. & U.S. Courthouse, Greenup Avenue and 15th St., Ashland, KY 41101, on Tuesday, June 21, 2011, at the hour of 10:30 a.m., or as soon thereafter as counsel may be heard.

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by electronic mail or first class mail on June 17, 2011, on the parties listed on the attached service list.

/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

Z:\Clients\R&S Enterprises\Pleadings\Cash Collateral Mot 20110617.doc

# Exhibit A

## R&S Enterprises, Inc.
## Estimated 30-day Budget

| | W/E 06/26/11 | W/E 07/03/11 | W/E 07/10/11 | W/E 07/17/11 | Total |
|---|---:|---:|---:|---:|---:|
| Estimated Income | 7553 | 7553 | 7553 | 7553 | **30,213** |
| | | | | | |
| Estimated expenses | | | | | |
| Net employee payroll | 2,836 | 2,836 | 2,836 | 2,836 | **11,344** |
| Payroll taxes | 172 | 172 | 172 | 172 | **688** |
| Unemployment taxes | 25 | 25 | 25 | 25 | **99** |
| Worker's compensation | 92 | 92 | 92 | 92 | **369** |
| Other taxes | 690 | 690 | 690 | 690 | **2,760** |
| Inventory purchases | 1,702 | 1,702 | 1,702 | 1,702 | **6,808** |
| Rent | 0 | 0 | 0 | 0 | **0** |
| Utilities | 1,840 | 1,840 | 1,840 | 1,840 | **7,360** |
| Office expenses and supplies | 243 | 243 | 243 | 243 | **971** |
| Repairs and maintenance | 317 | 317 | 317 | 317 | **1,269** |
| Vehicle expenses | 0 | 0 | 0 | 0 | **0** |
| Travel and entertainment | 0 | 0 | 0 | 0 | **0** |
| Equipment rental and leases | 0 | 0 | 0 | 0 | **0** |
| Legal fees | 750 | 750 | 750 | 750 | **3,000** |
| Accounting fees | 112 | 112 | 112 | 112 | **446** |
| Insurance | 80 | 80 | 80 | 80 | **320** |
| Employee benefits (e.g., pension, medical, etc.) | 0 | 0 | 0 | 0 | **0** |
| US Trustee Fees | 72 | 72 | 72 | 72 | **288** |
| Advertising | 50 | 50 | 50 | 50 | **200** |
| Bank Charges | 192 | 192 | 192 | 192 | **769** |
| Operating Supplies | 294 | 294 | 294 | 294 | **1,176** |
| Uniforms | 94 | 94 | 94 | 94 | **374** |
| Debt Service | 3,150 | 3,150 | 3,150 | 3,150 | **12,600** |
| Total expenses | 12,710 | 12,710 | 12,710 | 12,710 | **50,841** |
| | | | | | |
| **Estimated average income** | **($5,157)** | **($5,157)** | **($5,157)** | **($5,157)** | **($20,629)** |

A&R Plumbing Systems, Inc.
c/o Ralph T. McDermott, Esq.
P O Box 568
Ashland KY 41105-0568

Aero-Fab, Inc.
Attn:  Jeff Maynard
P O Box 3088
Huntington WV 25702

All Tech Services
P O Box 411
404 Ferry Street
Greenup KY 41144

Andrews, Tackett & Edmonds, PSC
P O Box 832
Flatwoods KY 41139

Ayoxx, Inc.
1133 B Carter Avenue
Ashland KY 41101

Blunk, Kuburatu A.
Blunk, Thomas R.
2830 Oakwood Ct.
Flatwoods KY 41139

Boyd County Sheriff
P O Box 558
Catlettsburg KY 41129

Brunswick Bowling & Billiards
c/o Don A. Pisacano
600 Security Trust Building
271 West Short Street
Lexington KY 40507

Chase Bank
1000 5th Avenue
Huntington WV 25701

Ciena Capital, LLC
fka Business Loan Express
Attn:  Roger Cleveland VP
212 South Tyron St., Suite 1560
Charlotte NC 28281

City of Ashland
P O Box 1839
Ashland KY 41105-1839

Columbia Gas of Kentucky
P O Box 742523
Cincinnati OH 45274-2523

Crisp, Charles R.
P O Box 21
Ironton OH 45638

Davies, Lucas A.
2945 Dale St.
Ashland KY 41101

Dickess, Willie E.
2101 R North Second St.
Ironton OH 45638

Division of Unemployment Insurance
Ed. Cabinet - Office of Legal Services
Attn: Amy Howard
500 Mero St, Third Floor
Frankfort KY 40601

Frye, Michael A. Esq.
P O Box 411
Russell KY 41169

Glenda Granville
IRS
1500 Leestown Rd. Room 220
Lexington KY 40511

Gose, Gregory D.
2023 Summitt St.
Ashland KY 41101

Gue, Bruce G.
612 1/2 Poplar Street
Kenova WV 25530

Gullett, Michelle D.
12012 Midland Trail
Ashland KY 41102

Hensley, Bob G.
1602 Fourmile Road
Grayson KY 41143

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Kentucky Dept. of Revenue
Legal Branch - Bankruptcy Section
P O Box 5222
Frankfort KY 40602

Kentucky Power Company
P O Box 24401
Canton OH 44701-4401

King, Ronald D.
1628 Beech St. #2
Ashland KY 41101

Michael J. Curtis, Esq.
P O Box 1455
Ashland KY 41105

Ng-Cadlaon, Margaret MD
Cadlaon, Christopher
2860 Oakwood Ct.
Flatwoods KY 41139

Ohio Treasurer of State
30 E. Broad St.
9th Floor
Columbus OH 43215-3461

Shola's Holding Company, Inc.
2830 Oakwood Court
Flatwoods KY 41139

Stephanie Creekmore
1030 Cumberland Falls Hwy
Corbin KY 40701

Tanner Stone & Company
1010 Coles Blvd.
Portsmouth OH 45662

Windstream KY East LLC
Attn Support Services
1720 Galleria Blvd.
Charlotte NC 28270

Wolfe, Natalia E.
2607 Main Street
Ashland KY 41101